PAUL J. FISHMAN
United States Attorney
BY: Mark J. McCarren
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2700

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *Plaintiff,* | : | Honorable Jose L. Linares |
| v. | : | Criminal No. 09-932 (JLL) |
| | : | |
| VINCENT TABBACHINO | | PRELIMINARY ORDER OF |
| | : | FORFEITURE |
| *Defendant.* | : | |

**WHEREAS**, on April 25, 2011, defendant Vincent Tabbachino pleaded guilty to Count Five of the Indictment that charged him with violating Title 18, United States Code, Section 1956(a)(3); and

**WHEREAS**, pursuant to Title 18, United States Code, Section 982, the Court in imposing sentence on a person convicted of an offense in violation of Title 18, United States Code, Section 1956 shall order that person to forfeit to the United States any property, real or personal, involved in or traceable to such offense; and

**WHEREAS**, by virtue of the above, the defendant has agreed to forfeit the amount of $31,851.82 to the United States (the "Forfeitable Property"), and has agreed to provide these funds as of the date of sentencing; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of the following:

A sum of money totaling $31,851.82, including:

(1) $22,500 in U.S. currency provided by Vincent Tabbachino to the cooperating witness on or about July 21, 2009 and currently in the possession of the Federal Bureau of Investigation; and

(2) funds totaling $9,351.82 seized from TD Bank North Account No. XXXX0895, in the name of Tabbachino Associates seized on or about July 23, 2009;

**WHEREAS**, defendant Vincent Tabbachino has agreed that the Forfeitable Property was involved in or traceable to the commission of the offense in violation of Title 18, United States Code, Section 1956, and is thus subject to forfeiture to the United States pursuant to Title 18 United States Code, Section 982.

**WHEREAS**, defendant Vincent Tabbachino has abandoned any right, title or interest in the Forfeitable Property, and has agreed not to contest the forfeiture of this amount to the United States. Defendant Tabbachino further has waived any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) on any ground to the forfeiture of the $31,851.82, including any argument that the forfeiture constituted an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

**THAT** the herein described assets, namely:

A sum of money totaling $31,351.82, including:

(1) $22,500.00 in U.S. currency provided by defendant Tabbachino to the cooperating witness on or about July 21, 2009; and

(2) funds totaling $9,351.82 seized from TD Bank North Account No. XXXX0895, in the name of Tabbachino Associates;

are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 982, for disposition in accordance with the provisions of 21 U.S.C. § 853; and

**THAT** the $31,851.82 is hereby forfeited to the United States of America pursuant to Title 18, United States Code, Section 982 and will be provided to the United States no later than the date of sentencing;

**THAT** defendant Vincent Tabbachino has forfeited any claim to the Forfeitable Property;

**THAT** pursuant to Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**THAT** pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than defendant Vincent Tabbachino, asserting a legal interest in the Forfeitable Property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeitable Property;

**THAT** pursuant to Title 21, United States Code, Section 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeitable Property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the Forfeitable Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Forfeitable Property, as a substitute for published notice as to those persons so notified; and

**THAT** the Forfeitable Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Forfeitable Property by the United States; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

**ORDERED** this _13_ day of _July_, 2011

_____
Honorable Jose L. Linares
United States District Judge


I hereby consent to the
entry and form of this Order

_____
By: Vincent Tabbachino
    Defendant

4